# COUNTY OF YORK.

## THORNTON *versus* TOWNSEND.

In an action to recover a forfeiture for a horse being allowed to go at large without a keeper, in the *highway or road*, the plaintiff may rightfully be allowed to amend his writ by striking out "*highway or,*" notwithstanding the objection of defendant.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

DEBT, to recover a forfeiture given by R. S., c. 30; tried originally before a justice of the peace, and brought up by appeal.

The writ alleged, in two counts, the defendant to be the owner and possessor of a certain ungelded male horse, of one year old and upwards, found going at large, without a keeper, in the *highway or road* in said Biddeford, as an estray.

Defendant objected that the declaration was insufficient, and that no cause of action was set forth.

A motion was made to amend by striking out the words "highway, or," which was allowed against the objection of defendant.

A verdict was returned for plaintiff.

It was agreed by the counsel, " if the counts were sufficient or are amendable under objections of defendant, the verdict is to stand, otherwise a new trial is to be granted."

*Tapley,* for defendant.

The counts as originally made disclosed no cause of action. One of the offences described in the statute must distinctly be set forth. The allegation *in the highway or road* discloses no offence. Roads and highways are not the same. *Cleaves* v. *Jordan*, 34 Maine, 9.

An *estray* is an animal going at large, whose keeper is unknown. Bouvier's Law Dict. Vol. 1, estray. This is repugnant to the allegation of ownership in defendants.

*Estrays* are particularly provided for in the statute.

There is no sufficient description of the place where the beast was at large. A recovery upon such a declaration would be no bar to an action when the place was particularly designated. Nor is there any description of the beast.

The amendment was improper, because a new cause of action, if any thing, was thereby allowed. As the writ stood there was none whatever, and under such circumstances no amendments are allowable.

But after the amendment, there is still no cause of action. The count reads "in the road *in* said town of Biddeford." To incur the penalty there must be a running at large in a road "*of* the town" of Biddeford. There may be many roads in that town over which they have no control. This may have been a private road. It should appear that the town had control of the road where the beast is found. ·

*Luques,* for plaintiff.

SHEPLEY, C. J. — The counsel do not agree respecting the questions presented by the report prepared by themselves. There can be no reasonable doubt that *the intention* was to present for the consideration of the Court of law what rulings were made at the trial, and nothing else. The words "are amendable," were evidently used with reference to the counts in their original condition, and not to their condition after they had been amended. Motions in arrest of judgment in civil cases, being forbidden by statute, c. 115, § 80, the Court cannot be expected to make such a construction of the language cited in the report, as would give to the defendant such an advantage.

The questions presented are whether the amendment of the first and second counts was properly permitted, and if not, whether the declaration was sufficient without amendments.

The cause of action designed to be set forth in those counts, was the right of the plaintiff to recover seventy-five cents, forfeited by the defendant as owner of a horse found

going at large without a keeper in the highways or roads of the town of Biddeford. The forfeiture would be the same and the plaintiff's right to recover the same, whether the horse were so found in the road or in a highway.

The terms road and highway not having the same meaning as used in our statutes, those counts were regarded as defective, because they did not positively allege the offence to have been committed in either. After the amendment was made, they allege it to have been committed in a road. The amendment introduced no new cause of action, and it was properly allowed. It is not therefore necessary to consider whether those counts would have been sufficient without amendments.           *Judgment on the verdict.*